## ESTATE OF JOHN DUNN.

### No. 6573—Dec. 11, 1876.

JURISDICTION OF PROBATE COURT.—CANNOT TRY TITLE AS BETWEEN ESTATE AND STRANGER.—LEGAL TITLE of real estate held by decedent, when claimed by a stranger under equitable claim.

HELD, that where there is a colorable title to the realty in the decedent, it is not competent for the Court, in cases where the question is one requiring evidence to determine, to assume that the estate has no interest; but the equitable claimant should be relegated to a Court of Equity to establish his rights.

This is not in conflict with the duty of the Probate Court to decline to burthen its record with decrees disposing of interests in property which have no foundation whatever.

Construing sections, C. C. P., 97, 1665.

*R. W. Hent,* for petitioner and devisee.

*E. A. Lawrence,* for executrix.

October 9th, 1866, John Dunn conveyed the premises in question to John Pforr. Nov. 8th, 1866, Pforr conveyed the premises by deed of gift to Mrs. Dunn, wife of John Dunn.

Feb. 1st, 1868, Dunn obtained money from one Stewart, and to secure the payment thereof, Mrs. Dunn, at the request of her husband, joined him in a conveyance of the premises by grant, bargain, and sale deed to Stewart; no defeasance was executed, but the transaction was a mortgage as between the parties. Dunn having paid Stewart the money borrowed, June 10th, 1869, Stewart executed a grant, bargain and sale deed to Dunn and wife, with a consideration of $6,000 expressed.

No other consideration existed than the payment of the borrowed money. In 1869, one McAtee executed a deed of the premises to Dunn, and in 1872, Dunn obtained a grant from the city; but it does not appear that any title passed by that deed or grant.

By the will of Dunn the property is devised to his brother, who now claims distribution. On the other hand, Mrs. Dunn claims that the property is her own separate property; that the deed from Stewart to Dunn and wife conveyed no interest or title to Dunn; that this Court has jurisdiction so to declare, and to decree that the estate has no interest in or title to the property to distribute under the will.

By the COURT: Probate Courts have jurisdiction to determine whether or not an estate has *any* interest in or title to property, in order to determine whether or not there is anything to distribute; they will not cumber their records with orders of distribution where it appears that there is nothing to distribute. But, as in this case, where there is *some* title, or at least apparently some title, viz: as by the deed from Stewart, the Probate Court has not jurisdiction to determine the quality of that title, whether it be good or bad, whether whatever title passed to Dunn was in trust for the wife; but will distribute the interest of the estate, that is, all that deceased had at his death and all that has been since acquired, and will leave the parties to pursue their remedies as they shall be advised.

Mrs. Dunn is the owner of at least the undivided one-half of the premises, and this Court has no jurisdiction over that one-half except to declare that it does not belong to the

estate, and to refuse distribution of it. As to the other half, this Court has not jurisdiction to determine what is the interest of the estate in it, but will simply distribute whatever interest the estate has in it.

Probate Courts have equity powers for certain purposes and to a certain extent; but they have not power to declare a trust, nor to set aside a deed properly executed and delivered.

Let a decree be entered according to this opinion.